UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

STATE OF TENNESSEE, *in hac parte, et al.*,  )
)
        Relators/Plaintiffs,  )
)
v.  )    No.:  3:10-CV-268
)          *related to*
LARRY WATERS, *et al.*,  )        3:10-CV-176
)        (VARLAN/SHIRLEY)
        Defendants.  )

## **MEMORANDUM OPINION**

This civil action is before the Court for consideration of plaintiffs' Motion to Remand or Transfer Action Removed from the Sevier County Chancery Court [Doc. 6]. In the motion, plaintiffs make an alternative motion to dismiss this action pursuant to Rule 41 of the Federal Rules of Civil Procedure in the event the Court denies the motion to remand or transfer [*Id*.].

Defendants Larry Waters, Phil King, Gary Cole, Fred Atchley, Tony Profitt, Carroll Rauhuff, Warren Hurst, Ronnie Allen, Kent Woods and the Sevier County Election Commission (the "Sevier County defendants") filed a response in opposition to the motion [Doc. 7]. Defendant Mark Goins, Coordinator of Elections for the State of Tennessee, ("Goins") also filed a response in opposition to the motion [Doc. 8].

The Court has carefully reviewed the pending motion and the response briefs, all in light of the relevant law. For the reasons set forth below, plaintiffs' motion to remand or transfer will be denied. Plaintiffs' alternative motion for voluntary dismissal will be granted.

## I. Relevant Facts and Procedural History

Plaintiffs originally filed this action against defendants in the Chancery Court for Sevier County, Tennessee [*See* Doc. 1]. Plaintiffs' complaint challenges the election of defendants Larry Waters, Phil King, Gary Cole, Fred Atchley, Carroll Rauhuff, Warren Hurst, Tim Hurst, Ronnie Allen, James Dykes, Duane Dodgen, and Kent Woods in the May 4, 2010 Sevier County Primary Election on the grounds that such individuals were disqualified pursuant to 5 U.S.C. § 1502(3) [Doc. 1].

Defendant Goins timely removed the case to this Court pursuant to 28 U.S.C. §§ 1441 *et seq.* on the basis of federal question jurisdiction [Doc. 1]. In particular, defendant Goins states that the federal question is whether the defendants are disqualified pursuant to 5 U.S.C. § 1502(3) [*Id.*].

Subsequently, the Sevier County defendants filed an answer [Doc. 4] and plaintiffs filed a motion to remand or transfer contending that this Court should remand to the Sevier County Chancery Court on the basis of federal abstention or inconvenient forum [Doc. 6]. Alternatively, plaintiffs move the Court for voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure [*Id.*].

The Sevier County defendants and defendant Goins (together, "defendants") assert that the motion to remand was untimely, that the Court should not abstain from hearing this case, and that plaintiffs fail to establish why this Court is an inconvenient forum [Docs. 7, 8].

## II.    Motion to Remand or Transfer

### A.    Timeliness of the Motion to Remand

Defendants assert that plaintiffs' motion to remand is untimely and must be denied as it was filed more than thirty days after the filing of their notice of removal [*See* Docs. 7, 8]. They rely on 28 U.S.C. § 1447(c) for support. Section 1447(c) states: "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Plaintiffs submitted no argument in response.

Defendants' reliance on 28 U.S.C. § 1447(c) is misplaced. Section 1447(c) does not apply to motions to remand on the basis of abstention. In *Quackenbush v. Allstate Ins. Co.*, the Supreme Court held that 28 U.S.C. § 1447(d), which bars appellate review of remand orders in certain instances, must be read *in pari materia* with 28 U.S.C. § 1447(c) so that "only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." 517 U.S. 706, 711-12 (1996). It went on to hold that an abstention-based remand order was subject to appellate review because such "does not fall into either category of remand order described in § 1447(c), as it is not based on lack of subject matter jurisdiction or defects in removal procedure." *Id.* at 712.

Although the text of section 1447(c) has been amended since *Quackenbush*, the Sixth Circuit still follows its holding. *See Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, – F.3d – , 2010 WL 3619803, at *2 (6th Cir. Sept. 20, 2010) (discussing the argument that the amendment of section 1447(c) changes the meaning of the provision and

renders abstention-based remands immune from review); *DaWalt v. Purdue Pharma, L.P.*, 397 F.3d 392, 398-99 (6th Cir. 2005); *Amar v. Minnesota Mining & Mf. Co.*, No. Civ. A. 404CV164M, 2005 WL 3448066, at *2 (W.D. Ky. Dec. 13, 2005). Accordingly, the Court finds that the plaintiffs' motion to remand on the basis of abstention did not need to be filed within thirty days from the date of the filing of the notice of removal, and the Court rejects defendants' argument that it was untimely.

With respect to the motion to remand or transfer on the basis of inconvenient forum, the Court notes that plaintiffs have brought such pursuant to 28 U.S.C. §§ 1441(e)(6) and 1447(e), not 28 U.S.C. § 1447(c). Nevertheless, even if a motion to remand or transfer on the basis of inconvenient forum must be filed within a certain time frame, the Court, as explained in part II.C. below, declines to remand or transfer to the state court on such ground.

**B.     Abstention**

Plaintiffs assert that this Court should abstain from hearing this case on the basis of "*Siler* [sic] *v. Hutchison* . . . [, which] held that federal abstention should apply to a Tennessee election contest although federal constitutional violations were alleged" [Doc. 6 (citing docket number 67 in case number 3:06-cv-215)]. Defendants contend that plaintiffs' reliance of *Seider v. Hutchison* is misplaced because the Sixth Circuit held that the federal abstention doctrine did not apply in *Seider* and "affirmed the dismissal of the plaintiffs' claims for injunctive relief, finding that those claims were moot, but reversed the . . . dismissal of the plaintiffs' damages claims and remanded . . . for further proceedings" [*See* Docs. 7, 8 (citing *Seider v. Hutchison*, 296 Fed. Appx. 517 (6th Cir. 2008)].

4

A discussion of this Court's application of federal abstention in *Seider* is warranted to gain perspective on plaintiffs' argument given that their motion papers do little more than cite to the case. Plaintiff Carl Seider filed a complaint in the Chancery Court for Knox County, Tennessee challenging the legality of the primary election for the Republican nomination for Knox County Sheriff, an election he ran in but lost. *Seider v. Hutchison*, No. 3:06-CV-215, 2007 WL 320964, at *1 (E.D. Tenn. Jan. 30, 2007). Seider alleged that the winner was ineligible to run for sheriff because of term limit laws in the Knox County Charter. *Id.* Defendants removed to the case to this Court. *Id.* During the pendency of the case, the Tennessee Supreme Court upheld the term limits at issue; however, it did not provide for new elections for any office held by a term-limited office and found term-limited officials could continue in office until their successors were named in accordance with law. *Id.* (discussing *Jordan v. Knox Cnty, Tennessee*, 213 S.W.3d 751 (Tenn. 2007)).

In considering defendants' motions to dismiss, this Court found that it should abstain from ruling under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). *Id.* at *1-2. In brief, this Court determined that the case was "precisely the kind of case to which the *Burford* abstention has been appropriately utilized" because,

> for the Court to step in and order a special election or otherwise issue an injunction when state officials have determined that, under Tennessee law, a special election cannot be held and have furthermore decided how and when the term-limited seats will be filled, would be utterly disruptive of the foregoing efforts to establish a coherent policy with respect to a matter of substantial public concern.

*Id.* at \*3 (citation and internal quotation marks omitted). How best to fill the vacancies created by the term-limited offices, this Court determined, was "more effectively addressed through the formulation and implementation of Tennessee state policies versus court interference." *Id.* (citation omitted). This Court, therefore, dismissed plaintiff's requests that the Court determine that the primary election be declared void, issue an injunction requiring a special primary and general election for the office of sheriff, and issue an injunction prohibiting the appointment of individuals to fill certain offices. *Id.* at \*1, \*4.

On appeal, the Sixth Circuit affirmed this Court's judgment dismissing Seider's claims for injunctive relief and mandamus as such claims were moot. *Seider v. Hutchison*, 296 Fed. Appx., 2008 WL 4569957, at \*1 (6th Cir. Oct. 14, 2008). The appellate court, however, found that this Court erroneously dismissed Seider's damages claims and reversed the decision to abstain, vacated the judgment dismissing Seider's claim for damages, and remanded. *Id.* The Sixth Circuit noted: "While federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions."[1] *Id.* (citations omitted).

Given the plaintiffs' contention and this overview, the Court finds that plaintiffs base their abstention argument on the *Burford* abstention doctrine. "The *Burford* doctrine provides that where timely and adequate state-court review is available, a federal court sitting

---

[1] Although the Sixth Circuit found that this Court should have stayed the action as opposed to dismissing it under *Burford*, the Sixth Circuit did not make a determination that this Court's analysis regarding abstention was incorrect.

in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar'; or (2) where the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *Adrian Energy Assocs. v. Michigan Pub. Serv. Com'n*, 481 F.3d 414, 423 (6th Cir.2007) (internal citations omitted). A party seeking *Burford* abstention carries the burden of demonstrating that abstention is appropriate. *Gray v. Bush*, No. 1:08-cv-631, 2009 WL 567189, at *6 (W.D. Mich. Aug. 17, 2009).

The Court finds that plaintiffs have not met their burden of demonstrating that this case is appropriate for *Burford* abstention. As an initial matter, plaintiffs reliance on *Seider* does not persuade the Court that it should abstain in this case. As discussed above, in *Seider*, this Court chose to abstain because the Court's interference in filling the vacancies created by the new term-limited offices within the Knox County government would disrupt the state's efforts to establish a coherent policy regarding a matter of substantial public concern. Plaintiffs make no effort to demonstrate that the Court's hearing of this case would present similar interferences; rather, plaintiffs simply state that this Court should abstain here because of the reasons set forth in *Seider* [*See* Doc. 6]. Without more from plaintiffs, the Court does not find that the issues presented in this case are sufficiently similar to those set forth in *Seider* to abstain.

*Burford* abstention "represents an extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it." *Quackenbush*, 517 U.S. at 727-28. Moreover, this case appears to present issues relating to the Hatch Act in addition to issues of state law [*see* Doc. 1], and *Burford* abstention is inappropriate when federal issues are involved. *See Warf v. Board of Elections of Green Cnty, Kentucky*, No. 1:08-CV-72-R, 2009 WL 530666, at *3 (W.D. Ky. Mar. 3, 2009) (citations omitted) (declining to abstain under *Burford* where plaintiffs filed a § 1983 action arguing disenfranchisement of their votes in a state election). Abstention also is not required "merely because resolution of a federal question may result in the overturning of state policy." *Zablocki v. Redhail*, 434 U.S. 374, 380 n.5 (1978). Accordingly, the Court declines to apply the *Burford* abstention doctrine.

## C.    Inconvenient Forum

Plaintiffs also argue that, in the event the Court fails to remand on the basis of federal abstention, the Court remand or transfer the case to the Sevier County Chancery Court on the basis of inconvenient forum pursuant to 28 U.S.C. §§ 1441(e)(6) and 1447(e) [*See* Doc. 6]. They submit that remand or transfer to the state court "is the safest procedure to avoid any prejudice to the public's interest that may otherwise occur upon a Fed. R. Civ. P. 41 dismissal" [*Id.*]. Defendants point out that "absent from [plaintiffs'] argument is any reason that the United States District Court for the Eastern District of Tennessee at Knoxville is inconvenient" [Docs. 7, 8].

As an initial point, section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). As plaintiffs' have not indicated that they are seeking to join an additional defendant, and because subject matter jurisdiction is premised on a federal question [*see* Doc. 1], the Court finds section 1447(e) inapplicable and declines to remand this action on such ground.

Section 1441(e)(6) provides: "Nothing in this subsection shall restrict the authority of the district court to transfer or dismiss an action on the ground of inconvenient forum." 28 U.S.C. § 1441(e)(6). Although this provision could provide a basis to transfer or dismiss, plaintiffs simply fail to set forth any reason why this Court is inconvenient except to claim that remand or transfer to state court "is the safest procedure to avoid any prejudice to the public's interest that may otherwise occur upon a Fed. R. Civ. P. 41 dismissal" [Doc. 6]. The Court declines to remand or transfer on such ground, especially in light of the fact that plaintiffs cite no authority permitting the Court to do so.

In sum, for the reasons stated above, plaintiffs' timely motion to remand or transfer on the basis of abstention or inconvenient forum will be denied.

## III. Motion for Rule 41 Voluntary Dismissal

As an alternative argument, plaintiffs move the Court to dismiss this action pursuant to Rule 41 of the Federal Rules of Civil Procedure [Doc. 6]. Defendants' have not responded to this argument [*See* Docs. 7, 8].

Rule 41(a) of the Federal Rules of Civil Procedure provides:

(a) Voluntary Dismissal.
(1) By the Plaintiff.
(A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.
(B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a). As there has been an answer to the complaint [Doc. 4], plaintiff's motion for voluntary dismissal must be construed under Rule 41(a)(2).[2]

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir.1994) (citation omitted). The requirement of court approval in Rule 41(a)(2) is intended to protect the non-moving party from unfair treatment. *Grover*, 33 F.3d at 718. In other words, a court must determine whether "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere

---

[2] The Court notes that no counterclaims have been asserted [*See* Doc. 4].

prospect of a second lawsuit." *Id.* (citations omitted). To determine whether a defendant will suffer plain legal prejudice, courts consider factors such as:

> [T]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Id.* (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). Each of these factors need not be resolved in favor of the moving party for dismissal to be appropriate. *Rosenthal v. Bridgestone/Firestone*, 217 Fed. Appx. 498, 502 (6th Cir. 2007). Rather, the factors serve as a guide for the district court. *Id.*

Although defendants have failed to challenge the plaintiffs' request for voluntary dismissal [*see* Doc. 5], the Court finds it appropriate to consider the four factors to determine whether voluntary dismissal is appropriate in this case. Two factors weigh in favor of dismissal. The first is that this case is in its early stages. Defendants' efforts and expenses in preparation for trial are minimal as it appears that only a notice of removal, a response to a motion to remand and an answer have been filed. It also appears that discovery has yet to take place. The second is that no motion for summary judgment has been filed by any defendant.

Two factors also weigh against dismissal. First, plaintiffs have been less than diligent in prosecuting this action. Almost two months lapsed between the time defendant Goins filed a notice of removal and the time plaintiffs' filed their motion to remand. Second, plaintiffs provide no explanation for the need to take a dismissal. The motion for dismissal simply is

an alternative argument in the event the Court denies to remand or transfer on the basis of abstention or inconvenient forum.

Defendants, however, would not suffer clear legal prejudice in the event this Court would grant the motion for voluntary dismissal. No dispositive motions have been filed, and the fact that defendants may be subject to another lawsuit in state court is insufficient to deny the motion for dismissal. *Grover*, 33 F.3d at 718. Indeed, if the plaintiffs refile in state court, defendants could again remove the lawsuit to federal court. The Court recognizes that its finding may cause defendants to incur additional expenses; however, in light of the fact that defendants failed to even object to the motion for voluntary dismissal or assert that they would be prejudiced in the event the Court granted such motion, this Court will not deny the plaintiffs' motion, especially given that not all of the *Grover* factors weigh in defendants' favor. Accordingly, the Court finds that plaintiffs' motion for a voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure is well taken. The Court will grant plaintiffs' request.

## IV. Conclusion

For the reasons set forth above, the Court will deny plaintiffs' motion to remand or transfer and grant plaintiffs' alternative motion for voluntary dismissal.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE